IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 05-cv-02542-WDM-PAC

CAROLINE RECORDS, INC., et al.,

    Plaintiffs,
v.

DOES 1-22,

    Defendants.

_____

**ORDER**
_____

Miller, J.

    This matter is before me on the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery ("Application"), filed December 15, 2005.  Having considered the Application, Plaintiffs' memorandum of law in support of the Application, and the Declaration of Jonathan Whitehead, I conclude that the Application should be granted, as modified below.

    On December 15, 2005, Plaintiffs filed a complaint for copyright infringement against twenty-two John Doe defendants ("Defendants").  The complaint alleges that Defendants distributed and/or duplicated copyrighted sound recordings owned or controlled by the Plaintiffs without Plaintiffs' authorization via an online media distribution system in violation of 17 U.S.C. § 101 *et seq.*  However, Plaintiffs are only able to identify Defendants with an unique Internet Protocol ("IP") address; they do not know Defendants' names or any other identifying information.

Consequently, Plaintiffs seek permission to obtain immediate discovery from Defendants' Internet Service Provider ("ISP"), Adelphia Communications Corp. ("Adelphia"), whose subscriber activity log files would allow Plaintiffs to discover Defendants' identities. Specifically, they wish to serve a subpoena on Adelphia pursuant to Fed. R. Civ. P. 45, seeking each Defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.[1]

Under Fed. R. Civ. P. 26(d), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless authorized by a court order or agreement of the parties or when otherwise allowed under the Rules of Civil Procedure. A court order allowing expedited discovery will issue only upon a showing of good cause. *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Plaintiffs argue that their immediate need of the data in the subscriber activity logs establishes good cause. They indicate that ISPs such as Adelphia typically keep these logs for brief periods of time before erasing the data they contain. Plaintiffs might never identify the Defendants without obtaining access to the data contained in the logs. (*See* Whitehead Decl., ¶ 22).

Under these circumstances, Plaintiffs have established good cause. Good

---

[1] A MAC address is the hardware address that uniquely identifies each node, or processing location (such as a computer), of a network. *See* Webopedia, *at* http://www.webopedia.com/TERM/M/MAC_address.html (accessed Apr. 5, 2004).

cause exists where the evidence sought "may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation." *Qwest*, 213 F.R.D. at 419. See also *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002) (Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party").

However, given the fact that Plaintiffs' Application was *ex parte*, Plaintiffs should serve a copy of this Order along with the subpoena. Further, Adelphia may move to quash within ten days of being served with the subpoena.

Additionally, because Adelphia is a cable ISP, Plaintiffs ask that I indicate that the disclosure of the information they seek is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which provides that a cable operator may disclose personally identifiable information concerning any subscriber without the subscriber's consent if the disclosure is "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." § 551(c)(2)(B) establishes "no privilege or restriction on releasing customer records to a non-governmental entity pursuant to a court order," *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002), and as discussed above, Plaintiffs have established the right to discover this information. Consequently, Plaintiffs' Application is permissible under  § 551(c)(2)(B).

Accordingly, it is ORDERED:

1.      Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery,

3

    filed December 15, 2005, is granted. Plaintiffs may serve a Rule 45 subpoena upon Adelphia Communications Corp. that seeks information sufficient to identify each Defendant's true name, address, telephone number, e-mail address, and Media Access Control address.

2. Any information disclosed to Plaintiffs in response to the subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

3. Plaintiffs' shall serve Adelphia Communications Corp. with a copy of this Order along with the subpoena.

4. If Adelphia Communications Corp. wishes to move to quash the subpoena, it must do so within ten days of being served with it.

5. This Order is made pursuant to 47 U.S.C. § 551(c)(2)(B). Adelphia Communications Corp. must notify each Defendant, whose information it provides to Plaintiffs, of this Order.

DATED at Denver, Colorado, on January 18, 2006.

                BY THE COURT:

                /s/ Walker D. Miller
                United States District Judge